UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE J. McNALLY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 02-140 (RMC) |
| GALE NORTON, Secretary of the Interior, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Lawrence J. McNally is a Sergeant with the United States Park Police ("USPP" or "Park Police"), working in Greenbelt, Maryland. He is a white male and is over 40 years old. Since 2000, he has applied three times for reassignment to be a Sergeant (Technician) in the Canine Unit of the Park Police, without success. Sgt. McNally sues Gale Norton, Secretary of the U.S. Department of the Interior, of which the USPP is a constituent agency, in her official capacity. He alleges discrimination on the basis of race, gender and age in his non-selection in 2000 and discrimination based upon age in his non-selection in 2003 and 2004. Defendant moves for summary judgment, which Sgt. McNally opposes. After consideration of the parties' briefs and the entire record, the Court concludes that material facts are in dispute and Defendant's motion for summary judgment must therefore be denied.

### I. LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In determining whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989).

The Court's threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.  Once the moving party shows that there is a lack of evidence to support the opponent's case, the burden shifts to the non-movant to show, through affidavits or otherwise, the existence of a material issue for trial.  *Bias v. Advantage Intern, Inc.*, 905 F.2d 1558, 1561 (D.C. Cir. 1990)*; see Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987)(citing Fed. R. Civ. P. 56 (c)).  Conclusory allegations by the non-movant are insufficient to withstand summary judgment.  *Exxon Corp. v. F.T.C.*, 663 F.2d 120, 127 (D.C. Cir. 1980)(citing *Marks v. United Stated Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978)).

## II. ANALYSIS

Defendant concedes that Sgt. McNally has presented a *prima facie* case.[1]  See Memorandum of Points and Authorities in Support of Defendant's Motion for Summary

---

[1] To establish a *prima facie* case of race or gender discrimination, a plaintiff must demonstrate that he: (1) belongs to a statutorily protected group; (2) applied for and was qualified for the position; and (3) was rejected for the position under circumstances giving rise to an inference of discrimination.  *See Stella v. Mineta*, 284 F.3d 135, 144-45 (D.C. Cir. 2002) (citing *McDonnell Douglas Corp. v . Green*, 411 U.S. 792, 802 (1973)); *Harding v. Gray*, 9 F.3d 150, 152 (D.C. Cir. 1993)).  Similarly, in order to establish a *prima facie* case of age discrimination, the plaintiff must prove facts sufficient "to create a reasonable inference that . . . age was a factor in the employment decision at issue."  *Krodel v. Young*, 748 F.2d 701, 705 (D.C. Cir. 1984).

Judgment ("Def.'s Mem.") at 11-12.  In 2000, Sgt. McNally was not selected for reassignment, although he was qualified, and a Hispanic younger woman was given the position.  In 2003 and 2004, Sgt. McNally, who was in his late forties and eligible to retire at the time, was again not selected and younger sergeants in their thirties received the positions.  While the Park Police has put forth legitimate nondiscriminatory reasons for its selections, Sgt. McNally has responded by putting forth sufficient evidence with "concrete particulars" that require a trial.  *See R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

The Court must give all reasonable inferences in favor of Sgt. McNally, the non-movant.  *See Washington Post Co.*, 865 F.2d at 325 (D.C. Cir. 1989); *Abraham v. Graphic Arts Int'l Union*, 660 F.2d 811-814 (D.C. Cir. 1981).  Most particularly, Sgt. McNally has presented evidence that may lead to "[t]he factfinder's disbelief of the reasons put forward by the defendant" that could, "together with the elements of the *prima facie* case, suffice to show intentional discrimination." *Saint Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993).

The fundamental question of law on which the USPP bases its motion for summary judgment is its contention that Sgt. McNally suffered no actionable adverse action due to the non-selections at issue.  *See* Def.'s Mot. at 9.  The District of Columbia Police and Firemen's Salary Act delineates USPP officers' rates of compensation.[2]  In addition, the D.C. Code designates certain positions within USPP that are entitled to technician's pay, which consists of an additional six (6) percent of the rate of basic compensation plus any locality adjustments.  *See* D.C. Code § 5-543.02.  The Canine Unit is one of the units within the Park Police that is entitled to technician's pay.  *Id*.  Sgt. McNally's current position is a non-

---

[2] *See* District of Columbia Police and Firemen's Salary Act, Pub. L. No. 85-584, 72 Stat. 480 (1958); District of Columbia Police and Firemen's Salary Act Amendments of 1972, Pub. L. No. 92-410, 85 Stat. 634 (1972).

technician Line Sergeant, classified at Class 4, Grade 5.  A Sergeant (Technician) is classified at Class 4, Grade 7.  Defendant argues that assignments to a position receiving technician's pay do not result in a change of salary class and therefore do not constitute promotions, but are only lateral transfers or reassignments.  Def.'s Reply at 2.

Defendant reads the law too narrowly.  While it may not be a strict "promotion," a transfer from a non-technician to a technician sergeant's position clearly carries with it a six-percent increase in salary plus other advantages, such as a police vehicle and money for gas to transport canine and officer to-and-from work.  The Court cannot conclude that these differences are so insignificant that the Park Police can pick and choose among qualified candidates for the positions without selection standards, without regard to equal employment opportunity principles, and based on the purely personal predilections of the recommending officials, as is alleged here.

The Court intimates no conclusion as to the merits of Sgt. McNally's allegations because the facts must be determined by a jury, after hearing testimony and determining the credibility of the witnesses.  Suffice it to say that Sgt. McNally has presented a *prima facie* case and has come forward with additional evidence that, if credited, could call into question Defendant's allegedly nondiscriminatory reasons for its selections.  It is as much illegal to deny a six-percent salary increase because of race, gender or age discrimination as it is to deny a promotion to another salary class.

Accordingly, Defendant's motion for summary judgment will be DENIED. A separate Order accompanies this memorandum opinion.


DATED: November 7, 2005.                               /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge